UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

v.                                                                           Case No: 6:25-cr-132-RBD-DCI

**GOODNESS EZEH**

_____

ORDER

This matter comes before the Court on the Defendant's unopposed motion for a competency evaluation of the Defendant pursuant to 18 U.S.C. § 4241.  Doc. 15 (the Motion).

On May 16, 2025, the Defendant appeared in court at an initial appearance on a indictment charging him with carjacking and brandishing a firearm during and in relation to a crime of violence.  Doc. 1.  The Court appointed counsel, and the government confirmed it sought detention.  Docs. 8, 9.  At the hearing, counsel for the Defendant raised issues concerning the Defendant's competency to proceed.  Citing the Defendant's history of mental health and competency issues and his conferral with counsel, the Defendant filed a motion requesting a psychological evaluation and attaching thereto certain of the Defendant's mental health records.  Docs. 15, 17.  At the hearing, the parties did not oppose the Court ordering the evaluation of the Defendant in the custody of the Attorney General.  Further, the Court confirmed with the parties that the Defendant should remain detained in the custody of United States Marshals Service pending further proceedings, but, upon the filing of a motion by the Defendant, the Court will hold a hearing to further address release or detention.

Based on the information provided by the parties at the hearing in this case, the Court finds that there is reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist in his defense.

Accordingly, it is **ORDERED** as follows:

1. The Defendant is remanded to the custody of the United States Marshals Service pending further proceedings in this case; and

2. The Motion (Doc. 15) is **GRANTED** as follows:

    a. The Defendant, **GOODNESS EZEH**, is hereby committed to the custody of the Attorney General for a period **not to exceed 30 days from the date of this Order** for psychiatric or psychological examination at a suitable facility[1] to determine whether he is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense (18 U.S.C. §§ 4241, 4247(b)).

    b. At the expiration of the 30-day examination period, the Attorney General shall cause the Defendant to be transported promptly to the Middle District of Florida for a hearing before me pursuant to 18 U.S.C. § 4241(c), unless the date is extended before that deadline pursuant to a motion filed by an Assistant United States Attorney at the request of the director of the medical facility. Extensions shall not exceed 15 days. 18 U.S.C. § 4247(b).

---

[1] The statute requires that the psychological or psychiatric examination be conducted in the suitable facility closest to the Court, unless impracticable. 18 U.S.C. § 4247(b).

   c. The Attorney General shall cause a psychiatric or psychological report prepared by the examiner to be filed with the Court with copies to counsel for the United States and for the Defendant within 15 days after the expiration of the time set forth in paragraph two above. The report shall discuss each of the factors enumerated in 18 U.S.C. § 4247(c)(1), (2), (3) and (4)(A).

   d. **On August 26, 2025, at 10:00 a.m. in Courtroom 5C of the United States Courthouse Annex in Orlando, Florida, the Court will hold a competency hearing pursuant to 18 U.S.C. § 4241(c). The Defendant and counsel shall be present for that hearing.** If a party is prepared for the hearing prior to that time, they may file a motion to expedite the hearing date.

   e. **At least 14 days prior to the hearing date, the parties shall file a joint notice stating the total time necessary for the hearing, as well as their exhibit and witness lists.**

   f. All other time limits, deadlines, and proceedings are tolled and stayed until the Court resolves the issue of the Defendant's competency. In particular, the undersigned finds that the time related to these competency proceedings is excludable pursuant to 18 U.S.C. §3161(h)(1)(A) (excluding delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant) and (h)(4) (excluding any period of delay resulting from the fact that the defendant is mentally incompetent to stand trial). Further, the undersigned finds that the delay resulting from these competency proceedings is excludable because the ends of justice served by taking such action (i.e., excluding time resulting from

competency proceedings to determine the Defendant's competency to participate in this criminal prosecution) outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

**ORDERED** in Orlando, Florida on May 21, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant