# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                    **Case No: 6:25-cr-132-RBD-DCI**

**GOODNESS EZEH**

_____

## REPORT AND RECOMMENDATION

This matter is before the Court on the issue of the mental competency of the Defendant. 18 U.S.C. § 4241.

After examination, a psychologist concluded that the Defendant is not presently competent to assist in his defense. Doc. 21. This finding was not contested by the United States or the Defendant at the competency hearing held on August 26, 2025. At the hearing, the parties agreed that the Defendant was not competent to proceed, and the United States proffered the report of Dr. Alicia Gilbert, Ph. D. Docs. 21; 22. Based on that report and given the agreement between the parties, the Court found by a preponderance of the evidence that the Defendant was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense. 18 U.S.C. § 4241(d). Based on that finding, the statute directs that "the court shall commit the defendant to the custody of the Attorney General." *Id*. Pursuant to the statute:

> The Attorney General shall hospitalize the defendant for treatment in a suitable facility—

(1)  for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

(2)  for an additional reasonable period of time until—

(A)  his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

(B)  the pending charges against him are disposed of according to law;

whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

18 U.S.C. § 4241(d).

The United States declined to dismiss the case. So, as stated at the hearing, both the United States and the Defendant agreed that the Defendant should be committed to the Attorney General for competency restoration efforts pursuant to 18 U.S.C. § 4241(d). Docs. 22; 24. Accordingly, the Court committed the Defendant to the custody of the Attorney General to hospitalize the Defendant for treatment in a suitable facility to determine whether there is a substantial probability that in the foreseeable future the Defendant will attain the capacity to permit the proceedings to go forward.

On April 17, 2026, the Bureau of Prisons forwarded to the Court a Certificate of Restoration of Competency to Stand Trail and the Forensic Evaluation report of Dr. Evan S. Du Bois, Psy.D. Doc. 30. As stated in the Certificate and opined-to in report, the Defendant is not currently suffering from a mental disease or defect which renders him incompetent to stand trial. *Id*.

2

On April 21, 2026, the Court held a competency hearing.  At the hearing, the government proffered the report and asserted that the Defendant is competent to proceed based on the findings in that report.  The Defendant then stipulated through counsel that he is competent to proceed, made no objection to the report or findings, and chose not to present any evidence on the issue of the Defendant's mental competency to proceed in this case.

Based on an independent review of the report and considering the Defendant's stipulation that he is competent to proceed, the undersigned respectfully **RECOMMENDS** that the Court find that the Defendant is competent to proceed in this case because the Defendant is **not** presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on May 22, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant

3